# IN THE COURT OF APPEALS OF IOWA

No. 20-0278
Filed April 29, 2020

**IN THE INTEREST OF H.F.,**
**Minor Child,**

**T.F., Father,**
        Appellant.
_____

Appeal from the Iowa District Court for Franklin County, Peter B. Newell, District Associate Judge.

A father appeals the juvenile court order terminating his parental rights. **AFFIRMED.**

Barbara J. Westphal, Belmond, for appellant father.

Thomas J. Miller, Attorney General, and Meredith L. Lamberti, Assistant Attorney General, for appellee State.

Alesha M. Sigmeth Roberts of Sigmeth Roberts Law, PLC, Clarion, attorney and guardian ad litem for minor child.

Considered by Mullins, P.J., Schumacher, J., and Danilson, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2020).

**DANILSON, Senior Judge.**

A father appeals the juvenile court order terminating his parental rights. The father does not dispute the statutory basis for termination of his rights. We find termination of his parental rights is in the child's best interests. We also conclude it would not be in the child's best interests to grant the father an additional six months to work on reunification. We affirm the juvenile court's decision terminating the father's parental rights.

## I.     Background Facts & Proceedings

T.F., father, and M.F., mother, are the parents of H.F., born in 2018.[1] The parents have a history of domestic violence, problems with substance abuse, and mental-health concerns. When the child was two and one-half weeks old, both parents were arrested for violating a no-contact order. The parents informally placed the child in the care of the maternal grandmother. Upon release from jail, the father was homeless and was using methamphetamine.

On February 5, 2019, the child was adjudicated to be in need of assistance (CINA) pursuant to Iowa Code section 232.2(6)(c)(2) (2018). The court determined the child should be removed from the parents' care. The child continued in the care of the maternal grandmother.

The father had limited involvement in services. The father did not complete a substance-abuse or mental-health evaluation. He did not maintain stable housing. He had pending drug-related criminal charges. The father was

---

[1] The mother consented to termination of her parental rights. She has not appealed the termination order.

inconsistent in attending visitation—participating in only five visits during the CINA proceedings.

On November 1, the State filed a petition seeking to terminate the parents' rights. On December 3, the father had a hair test that was negative for illegal substances. A urine test on the same day, however, was positive for marijuana. This was the father's only drug test. He did not appear for other requested drug tests.

The termination hearing began on December 16. The proceedings were not completed that day, and the hearing recommenced on January 27, 2020. The father had opportunities for visitation between the hearing dates but did not take advantage of them. The father did not appear for the second day of the hearing, although his attorney was present.

The court terminated the father's rights under section 232.116(1)(h) (2019). The court stated:

> The child's father is essentially homeless. He has a substance abuse problem. He has not been able to meet his own needs at this time. The child's father is not participating in mental health or substance abuse treatment. The child's father is not participating in random drug testing or any other services offered by the Department of Human Services to facilitate the return of this child to the father's care. The father failed to appear at the [second day of the] termination hearing after having been offered transportation by the Department of Human Services.

The court concluded termination of the father's rights was in the child's best interests. The father appeals.

## II.  Standard of Review

Our review of termination proceedings is de novo. *In re A.B.*, 815 N.W.2d 764, 773 (Iowa 2012). The State must prove its allegations for termination by clear

and convincing evidence. *In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000). "'Clear and convincing evidence' means there are no serious or substantial doubts as to the correctness [of] conclusions of law drawn from the evidence." *Id.* Our primary concern is the best interests of the child. *In re J.S.*, 846 N.W.2d 36, 40 (Iowa 2014).

### III.  Best Interests

The father does not dispute the statutory basis for termination of his rights. He claims termination of his parental rights is not in the child's best interests. He points out that he had a negative drug test. He also states he participated in visitation and was able to locate housing.

"When we consider whether parental rights should be terminated, we 'shall give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child.'" *In re M.W.*, 876 N.W.2d 212, 224 (Iowa 2016) (quoting Iowa Code § 232.116(2)). "It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." *In re P.L.*, 778 N.W.2d 33, 41 (Iowa 2010).

The father is not able to provide for the child's needs. He has a difficult time meeting his own needs. He has not addressed his substance-abuse or mental-health problems. He had only limited participation in visitation with the child. The maternal grandmother is interested in adopting the child. We conclude termination of the father's parental rights is in the child's best interests.

## IV.     Extension of Time

At the termination hearing, the father asked for an additional six months to work on reunification with his child.  The juvenile court did not directly address this issue, although by proceeding with termination of the father's parental rights the court effectively denied his request for more time.

Section 232.104(2)(b) permits the juvenile court "to continue placement of the child for an additional six months."  The court may grant an extension of time under this provision based on a "determination that the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period."  Iowa Code § 232.104(2)(b).  In determining whether an extension of time should be granted, the court's primary consideration is the best interests of the child.  *See In re R.C.*, 523 N.W.2d 757, 760 (Iowa Ct. App. 1994).

The evidence does not show that the reasons for the removal of the child from the father's home would be corrected within a six-month period.  *See* Iowa Code § 232.104(2)(b).  The father had not taken the steps necessary for the return of the child between the CINA adjudication and removal of the child on February 5, 2019, and the second day of the termination hearing on January 27, 2020. Although almost a year had passed, the father had not made any progress in placing himself in a position where he could safely care for the child.  We conclude it would not be in the child's best interests to further extend this case.

We affirm the juvenile court's decision terminating the father's parental rights.

**AFFIRMED.**